UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KONIK LUBOV,
individually and as collective representative of
other employees similarly situated,

                                    Plaintiff,

    -against-

HOME FAMILY CARE INC.,
ALEKSANDER KISELEV and JOHN DOES #1-10,

                                 Defendants.
------------------------------------------------------------------------X

ECF
21 Civ. 614

# PARTIES' JOINT MOTION
# FOR APPROVAL OF SETTLEMENT

Dated: New York, New York
        November 19, 2022

LAW OFFICE OF WILLIAM COUDERT RAND
William Coudert Rand, Esq.
501 Fifth Avenue, 15th Floor
New York, New York 10017
Tel: (212) 286-1425; wcrand@wcrand.com
*Attorney for Plaintiffs*

VLADIMIR TSIRKIN & ASSOCIATES PA
Vladmir Tsirkin, Esq.
800 SE 4th Ave., Suite 620
Hallandale, FL 33009
305-831-4333; vtsirkin@spetslaw.com
*Attorneys for Defendants*

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KONIK LUBOV,                                              :
individually and as collective representative of          :
other employees similarly situated,                       :
                                                          :          ECF
                              Plaintiff,                  :     21 Civ. 614
                                                          :
     -against-                                            :
                                                          :
HOME FAMILY CARE INC.,                                    :
ALEKSANDER KISELEV and JOHN DOES #1-10,                   :
                                                          :
                              Defendants.                 :
------------------------------------------------------------------------X
```

**PARTIES' JOINT MOTION**
**FOR APPROVAL OF SETTLEMENT**

Plaintiffs and Defendants hereby move for court approval of their fully executed settlement agreement which is attached as Exhibit A as per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.,* 796 F. 3d 199 (2d Cir. 2015).

## I. SUMMARY OF THE CASE

Plaintiff was a home health aide who worked 24 hour live in shifts for Defendants and was allegedly illegally paid for only 13 hours of her 24 hour shifts and allegedly also was not paid spread of hours wages under the New York Labor Law and minimum wages under the N.Y. Health Care Worker Wage Parity Act.

Plaintiff previously opted out of the class certified in the federal case entitled *Atakhanova v. Home Family Care, Inc*., 16-cv-6707 (KAM)(RML). *See Atakhanova v. Home Family Care, Inc.*, 2020 U.S. Dist. Lexis 129221 (E.D.N.Y. July 22, 2020) (certifying class).

Plaintiff alleged that she is entitled to unpaid wages for time worked, unpaid minimum wages under the Wage Parity Act, and spread of hours wages under the New York Labor Law.

1

Defendants answered the Complaint in this action on March 29, 2021, and unequivocally denied any liability or wrongdoing.  Defendants also indicated that they intended to vigorously defend themselves against the claims if the Parties were not able to effectuate a fair and reasonable settlement.

The parties exchanged document discovery including the wage and hour records of Plaintiff and Plaintiff took five depositions including the individual defendant and 4 other employees of the corporate defendant.  The parties then negotiated over a number of weeks until they were able to reach a settlement at a Settlement Conference conducted by Zoom on November 1, 2022 before Magistrate Judge Taryn A. Merkl.

## II.     TERMS OF THE SETTLEMENT

The settlement agreement is fair and reasonable. The settlement was negotiated at arm's length back and forth over weeks and finally at the Settlement Conference.    The final settlement, subject to court approval, is in the total amount of $23,000.  The amount of $12,794.74 minus payroll withholding is to be paid to Konik Lubov.  The $12,794.74 is calculated as $23,000 minus attorney expenses of $3,807.90 times 2/3. The amount of $10,205.26 (expenses of $3,807.90 and fees of $6,397.36) is to be paid to the Law Office of William Coudert Rand.  The $10,205.26 is calculated as $23,000 minus attorney expenses of $3,807.90 times 1/3 plus expenses of $3,807.90.

2

Furthermore, Defendants had numerous alleged potential defenses. For example, Defendants claimed that Plaintiff always obtained sleep and breaks and also argued that even if she did not get sleep and/or breaks, she failed to ever report lack of sleep or breaks.

The settlement amounts were calculated as full payment of the unpaid spread of hours wages and payment of 2.18 hours of wages for each 24-hour live in shift worked. Defendants produced Wage Theft Prevention Act notices in Russian signed by Plaintiff so the settlement included no monies for failure to maintain signed notices. Defendants alleged that Plaintiff had been offered health insurance and therefore Defendants had complied with the minimum wage requirement of the Wage Parity Act, and thus the settlement included no money for these alleged damages. The spread of hours amount of the settlement is fair as Plaintiff recovered the full amount of these damages (excepting interest and punitive damages), and the 2.18 hours of 24 hour shift settlement is fair because there was no documentary evidence regarding the lack of sleep or breaks and Defendants adamantly argued that the Plaintiff obtained the sleep and breaks. Given the difficulty in proving this claim, the 2.18 hour settlement is reasonable. The overtime claim settlement is included in the 24 hour live in shift settlement whose hours were calculated at time and one half Plaintiff's regular rate. Thus, the Settlement is fair and reasonable and should be approved.

**APPLICATION OF FACTORS FOR APPROVING FLSA SETTLEMENTS**

The FLSA expressly prohibits settlement of any right to unpaid minimum wages or overtime claims by employees made pursuant to 29 U.S.C. §§ 206-07, without the supervision of the Secretary of Labor. See 29 U.S.C. §216(c) (noting that a supervised settlement agreement "shall constitute a waiver by such employee of any right he may have [to pursue a private cause of action under FLSA"]).

Courts have interpreted this limitation to mean that parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. See *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015) (Second Circuit held that F.R.C.P. 41(a)(1)(A)(ii) "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect.").

**Legal Standards**

In reviewing proposed settlements under the FLSA, courts are tasked with considering "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Rotthoff v. New York State Cath. Health Plan, Inc.*, No. 19-CV-4027 (AMD) (CLP), 2021 U.S. Dist. LEXIS 68559, 2021 WL 1310220, at *2 (E.D.N.Y. Apr. 8, 2021) (quotation marks omitted); *see also* **Cheeks**, *796 F.3d at 206*. Courts in this circuit have identified several factors for determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)* (citations omitted); *see also Fisher v. SD Prot. Inc., 948 F.3d 593, 600 (2d Cir. 2020)* (citing the *Wolinsky* factors). As the Second Circuit recently held, if a court finds that a "proposed settlement is unreasonable in whole or in part, the court . . . must reject the agreement or give the parties an opportunity to revise it." Fisher, 948 F.3d at 605. The court cannot, however, "simply rewrite the [settlement] agreement." *Id.* Accordingly, "[w]hen presented with a settlement for approval, a district court's options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay

4

proceedings to see if a different settlement can be achieved; or (3) proceed with litigation." *Id. at 606* (*citing Evans v. Jeff D., 475 U.S. 717, 727, 106 S. Ct. 1531, 89 L. Ed. 2d 747 (1986); See Ahad v. 21st St. Hospitality, LLC,* 2022 U.S. Dist. LEXIS 48789 (E.D.N.Y. March 17, 2022)

Courts considering motions to approve FLSA settlements, i.e., *Cheeks* motion, must be satisfied that the proposed settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.,* 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). For a court to find a settlement is fair and reasonable, "the parties must provide enough information for the court to examine the bona fides of the dispute. The employer should articulate the reasons for disputing the employee's right to a minimum wage or overtime, and the employee must articulate the reasons justifying his entitlement to the disputed wages." Id. (internal quotations omitted).

To determine whether a settlement is fair and reasonable under the FLSA, courts consider the totality of circumstances, including but not limited to the following factors: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." Fisher v. SD Prot. Inc., 948 F.3d 593, 600 (2d Cir. 2020), quoting, Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

### A. <u>Plaintiffs' Possible Range of Recovery</u>

Here the Plaintiffs sought 8 hours of unpaid hours deducted for sleep and 3 hours of unpaid hours deducted for breaks (including associated overtime). Plaintiffs are recovering 2.18 hours for each of the alleged 11 hours of unpaid work performed during each 24-hour live in shift, which equals a recovery of 19.8% of alleged total alleged damage, which is reasonable

5

given that there are no documents proving that Plaintiff did not get sleep or breaks an the claim relies on the Plaintiff's testimony. Furthermore, there is a significant risk that Plaintiff will not prevail or will only partially prevail at trial as a jury may find that Plaintiff did get breaks and sleep during many 24-hour shifts. Thus, the material risk to Plaintiff in proving that she did not get sleep or breaks shows that the settlement is fair. The settlement recovers 100% of the spread of hours alleged damages.

The settlement does not recover any of the Wage Theft Prevention Act signed notice claim as signed notices in Russian were produced in discovery. The settlement did not include any recovery for the claim for minimum wages under the Wage Parity Act because the Defendants denied any liability on this claim and asserted that they offered Plaintiff health insurance and paid her vacation pay. Plaintiff has no documents indicating she was not offered health insurance, and Defendants have indicated that she was paid for vacation pay so it is reasonable that Plaintiff would agree to no recovery on this claim. Finally, the settlement recovery was reasonably reduced by Plaintiff's attorneys' costs and 1/3 legal fees which are to be paid to Plaintiffs' attorneys.

We believe that, in light of the uncertainties associated with establishing liquidated damages and the strong desire to avoid future legal proceedings, the amount payable to Plaintiff falls within the range of reasonableness. *See Beckert v. Rubinov*, 15 Civ. 1951 (PAE), 2015 WL 8773460, at *2 (S.D.N.Y. Dec. 14, 2015)(finding that the "amount [plaintiff] would receive under the Agreement ($29,557.97) is a substantial proportion of the maximum possible recovery he identifies ($114,700)"). Here, the parties were able to reach an agreement at a relatively early stage of proceedings, before any trial. *See Burgos v. San Miguel Transp., Inc.*, 2016 U.S. Dist. LEXIS 166248, *6, 2016 WL 7015760 (S.D.N.Y. Dec. 1, 2016)(citing early stage of the case as

one of the factors supporting the fairness of a settlement that was substantially below the amount that plaintiff initially contemplated).

### B. Avoiding Anticipated Burdens and Expenses

Litigating FLSA claims and damages is typically a fact-intensive process demanding in-depth and potentially costly and uncertain litigation by both parties, including written discovery, depositions, expert discovery, voluminous pre-trial briefing of summary judgment motions regarding liability and damages issues, and potentially, a lengthy trial on liability and/or damages. In this case where the parties were confronted with the testimony of the 5 persons at deposition and trial and lengthy summary judgment motions, each party benefits substantially from the settlement. In short, a settlement now avoids years of litigation and significant expenses for motions, a trial and appeals, which would be incurred by both parties before a resolution would be reached.

### C. Seriousness of Litigation Risks

As set forth above, there was no guarantee of success on either side and Defendants might have prevailed at trial or on appeal. Here much of the case depends on the Plaintiff's oral testimony which may not be believed by a jury.

### D. Arm's Length Bargaining

Both parties engaged in good faith, arm's-length negotiation in reaching this settlement, and negotiated settlement terms over the course of numerous weeks until a tentative settlement was reached at the Settlement Conference, and a Settlement Agreement was signed. The parties exchanged numerous offers and counter offers before a compromise settlement was finally reached.

### E. Possibility of Fraud or Collusion

Given the parties' arms-length, good faith negotiating and the fact that the settlement was reached at a settlement conference before a Magistrate Judge and the settlement is recovering a significant amount of the potential damages, the parties submit that there was no fraud or collusion. The parties represented their clients zealously and obtained what both parties consider to be an appropriate settlement.

### III. PLAINTIFFS' COUNSEL CONTENDS THE LEGAL FEES TO BE PAID UNDER THE SETTLEMENT AGREEMENT ARE REASONABLE

When attorneys' fees are included as part of a settlement agreement, courts are required to "evaluate the reasonableness of the fees and costs." *Fisher, 948 F.3d at 600* (citing *Cheeks, 796 F.3d at 206*; *29 U.S.C. § 216(b)*); *see also Wolinsky, 900 F. Supp. 2d at 336* ("[T]he Court must carefully scrutinize the settlement and the circumstances in which it was reached, if only to ensure that the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients." (alterations in original) (quotation marks omitted)).

Courts in the Second Circuit generally "calculate a reasonable fee using either the 'lodestar' method or the 'percentage of the fund' method." *Valencia v. Nassau Country Club, No. 18-CV-2724 (LDH) (JO), 2020 U.S. Dist. LEXIS 194634, 2020 WL 7249440, at \*1 (E.D.N.Y. Oct. 19, 2020)* (citing *McDaniel v. County of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010)*), *report and recommendation adopted*, *No. 18-CV-2724 (LDH) (VMS), 2020 U.S. Dist. LEXIS 219597, 2020 WL 6867911 (E.D.N.Y. Nov. 23, 2020)*. "Either way, the court must consider the 'traditional criteria' for fee applications," including: "the time and labor expended by counsel; the magnitude and complexities of the litigation; the risk of the litigation; the quality of representation; the requested fee in relation to the settlement; and public policy considerations."

8

*Id.* (citing, *inter alia, Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000)). In addition, "in an individual FLSA action in which the parties settle the fee through negotiation, the 'range of reasonableness' for attorneys' fees is greater than in a collective or class action." *Perez-Ramos v. St. George Holding Corp., No. 18-CV-1929 (KAM) (JO), 2020 U.S. Dist. LEXIS 13256, 2020 WL 415818, at *3 (E.D.N.Y. Jan. 27, 2020)* (citing *Wolinsky*, 900 F. Supp. 2d at 336).

Under the "percentage of the fund" method, many courts find that "a one-third contingency fee is generally considered reasonable in this Circuit." *Castillo, 2018 U.S. Dist. LEXIS 210614, 2018 WL 7681356, at *4*; *see also Sicajan Diaz, 2020 U.S. Dist. LEXIS 229531, 2020 WL 8265766, at *4*. However, "[e]ven where attorneys' fees are sought pursuant to the percentage of the fund method, counsel must submit evidence providing a factual basis for the award." *Rosario v. EMZ Sols. LLC, No. 18-CV-3297 (RPK) (CLP), 2020 U.S. Dist. LEXIS 142824, 2020 WL 8413532, at *8 (E.D.N.Y. Aug. 7, 2020)* (alteration in original) (quotation marks omitted), *report and recommendation adopted*, *No. 18-CV-3297 (RPK) (CLP), 2020 U.S. Dist. LEXIS 245333, 2020 WL 7777955 (E.D.N.Y. Dec. 31, 2020)*. A "lodestar check" is a mechanism "for courts in this circuit to review the reasonableness of an attorney's requested fee." *Id.* (citing *Bhardwhaj v. Alan's Farmland Ltd., No. 16-CV-7880 (AJN), 2018 U.S. Dist. LEXIS 62308, 2018 WL 1891313, at *2 (S.D.N.Y. Apr. 5, 2018)*). *See Ahad v. 21st St. Hospitality, LLC,* 2022 U.S. Dist. LEXIS 48789 (E.D.N.Y. March 17, 2022)

Here, the Parties agreed in the Agreement to pay fees of $6,397.36 and expenses of 3,807.90. The fees are reasonable as they equal 28% of the settlement and are below one-third of the settlement and are also far below the Plaintiff's attorney's lodestar. Attached as Exhibit B are the time and expenses records of William C. Rand. The fee is reasonable on a lodestar basis

9

as Plaintiff's counsel's time spent on the case to date is 92.9 hours which at Plaintiffs' Counsel's $500 per hour rate equals a lodestar of $46,450 which constitutes a multiple of .13, which is less than one and thus presumed fair, and an hourly rate of $68.86 (fee of $6,397.36/92.9 hours), which is reasonable. *See Villanueva v. 179 Third Ave. Restaurant Inc.,* 2018 U.S. Dist. Lexis 116379 at *8 (S.D.N.Y. July 12, 2018) (J. Nathan) (where lodestar multiplier is less than one, fee is deemed reasonable). The fee is also reasonable on a percentage basis as it represents only 28% of the settlement, after reimbursement for advanced expenses. Plaintiff's counsel's rate is reasonable given his experience. See attached as Exhibit C a copy of William Rand's biography. The requested costs are also reasonable as they are "those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta, P.C.,* 818 F.2d 278, 283 (2d Cir. 1987); *Sheet Metal Workers Nat'l Pension Fund v. Evans*, No. 12 Civ. 3049, 2014 U.S. Dist. LEXIS 80118, 2014 WL 2600095, at *11 (E.D.N.Y. Jun. 11, 2014). The expenses were reasonably and necessarily incurred in the prosecution of this action. Accordingly, Plaintiffs' counsel respectfully requests that the Court award reimbursement of these expenses in full.

## **CONCLUSION**

In conclusion, the parties request that the Court approve the settlement.

Dated: New York, New York
November 19, 2022

                                  LAW OFFICE OF WILLIAM COUDERT RAND

                                  S/William C. Rand

                                  William Coudert Rand, Esq.
                                  501 Fifth Avenue, 15th Floor
                                  New York, New York 10017
                                  Tel: (212) 286-1425
                                  *Attorney for Plaintiff*


                                  VLADIMIR TSIRKIN & ASSOCIATES PA
                                  Vladmir Tsirkin, Esq.
                                  800 SE 4th Ave., Suite 620
                                  Hallandale, FL 33009
                                  305-831-4333; vtsirkin@spetslaw.com
                                  *Attorneys for Defendants*