UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KONIK LUBOV,
individually and as collective representative of
other employees similarly situated,

                                 Plaintiff,

    -against-

HOME FAMILY CARE INC.,
ALEKSANDER KISELEV and JOHN DOES #1-10,

                               Defendants.
------------------------------------------------------------------------X

ECF
21 Civ. 614

**PARTIES' JOINT MOTION
FOR APPROVAL OF SETTLEMENT**

# EXHIBIT A

# SETTLEMENT AGREEMENT

Dated: New York, New York
       November 19, 2022

                                      LAW OFFICE OF WILLIAM COUDERT RAND
                                      William Coudert Rand, Esq.
                                      501 Fifth Avenue, 15th Floor
                                      New York, New York 10017
                                      Tel: (212) 286-1425
                                      *Attorney for Plaintiff*

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LUBOV KONIK,                                          :      ECF
                                                      :      21 Civ. 614 (KAM)
                        Plaintiff,                    :
                                                      :
        -against-                                     :
                                                      :
HOME FAMILY CARE INC.,                                :
ALEKSANDER KISELEV and JOHN DOES #1-10,               :
                                                      :
                        Defendants.                   :
------------------------------------------------------------------------X
```

## SETTLEMENT AND RELEASE AGREEMENT

**WHEREAS**, on or about February 4, 2021, Lubov Konik ("Plaintiff") commenced an action against HOME FAMILY CARE INC. and ALEKSANDER KISELEV (collectively "Defendants") in the United States District Court for the Eastern District of New York (the "Court"), bearing Docket No. 21-cv-0614 (the "Action"), alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and New York Wage Parity Act ("NYWPA");

**WHEREAS**, Defendants timely filed their Answer on March 29, 2021 denying Plaintiff's allegations, and have contended that Plaintiff's allegations are unfounded and lack merit;

**WHEREAS**, on November 1, 2022 Plaintiff and Defendants (collectively the "Parties") participated in a mediation with Magistrate Judge Taryn A. Merkl, and were able to negotiate a resolution of this matter;

**WHEREAS**, the Parties have negotiated extensively in good faith to reach a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses and the *bona fide* dispute between the Parties;

**WHEREAS**, the Parties desire to fully and finally resolve and settle in full all claims of the alleged FLSA, NYLL, NYWPA violations, or violations of any other law, regulation, or ordinance regulating the payment of wages related to Plaintiff's' employment by Defendants that Plaintiffs have, had, or may have against Defendants, by way of this Settlement and Release Agreement ("Agreement");

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1. In consideration of the payment to Plaintiff by Defendants of Twenty-Three Thousand Dollars ($23,000) (the "Settlement Amount"), Plaintiff hereby releases and forever discharges Defendants, as well as, as applicable, Defendants' current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, and agents, as well as anyone employed by or affiliated with Defendants, as well as Defendants' respective parent companies, affiliates, predecessors, successors, subsidiaries, and other related companies (all of said individuals and entities, collectively referred to as "Releasees"), from any and all claims, complaints, causes of action, lawsuits, demands, back-wages, attorney's fees, benefits, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, related to Plaintiff's work performed for Home Family Care Inc., including minimum wage pay, Wage Parity Act minimum wage pay, overtime pay, unpaid spread-of-hours pay and split-shift pay, wage notice/statement violations pay, liquidated damages pay, and/or pay for other wage related statutory penalties, purportedly owed to Plaintiff under the FLSA, NYLL, NYWPA, or any other law, regulation, or ordinance regulating the payment of wages, related to Plaintiff's' employment by Defendants, which

Plaintiffs, her heirs, executors, administrators, agents, successors, and assigns, has, had, or hereafter can have against Releasees, from the beginning of time to the date of this Release, including, but not limited to, any and all claims raised in the Action.

2. Once this Agreement is fully executed, Plaintiff's counsel will file the Agreement and a motion in support of approval of the settlement.

3. The Settlement Amount shall be paid on the later of the date 30 days after the Settlement is approved by the Court or December 31, 2022.

4. The Settlement Amount shall be paid as follows:

(a) Within the later of the date thirty (30) days after the Court approves the settlement or December 31, 2022, Defendants shall deliver the following checks to William C. Rand, Esq., Law Office of William Coudert Rand, 501 Fifth Ave., 15th Floor, New York, New York 10017, as follows:

   i. One check in the gross amount of Twelve Thousand and Seven Hundred and Ninety-Four Dollars and Seventy-Four Cents ($12,794.74) ($23,000 minus attorney expenses of $3,807.90 times 2/3), less payroll taxes, withholdings and other deductions as required by law, made payable to "Konik Lubov"  At the appropriate time, Defendants will issue, or cause to be issued, an IRS form W-2 to Konik Lubov respecting the payment to be made pursuant to this paragraph.  It shall use her withholding exemptions applied to her last paycheck.

   ii. One check in the amount of Ten Thousand and Two Hundred and Five Dollars and Twenty-Six Cents ($10,205.26) ($23,000 minus attorney expenses of $3,807.90 times 1/3 plus $3,807.90), made payable to "Law

        Office of William Coudert Rand." Defendants will issue to the Law Office of William Coudert Rand an IRS Form 1099 respecting this payment. Mr. Rand has provided a Form W-9 Statement to Defendants' counsel prior to this Agreement being fully executed.

(b)    Defendants' attorney will hold in escrow the signed Stipulation of Dismissal attached hereto as Exhibit "A" and shall file it with the court promptly after the Settlement Amount has been paid (meaning that the checks have cleared).

(c)    It is agreed that, except as provided in this Paragraph 3, each party will bear each Party's own costs, expenses and attorneys' fees.

5.    The Parties agree that in any action resulting from a breach of this Agreement by any party, if it is determined by a court of competent jurisdiction that said party breached this Agreement, the prevailing party in such an action will be entitled to its costs and expenses, including reasonable attorneys' fees, incurred in enforcing said provisions and/or defending any action(s), in addition to any damages which may be awarded in connection with said breach.

6.    The Parties acknowledge that this Agreement does not constitute an admission by Defendants of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or any other possible or claimed violation of law or rights, or an admission by Defendants that Plaintiffs' claims have merit. In fact, Plaintiffs acknowledge that Defendants explicitly refute and deny any claims of wrongdoing.

7.    This Agreement shall not be interpreted in favor of or against either party on account of such party's counsel having drafted this Agreement.

8. This Agreement may only be modified, altered or changed in writing, signed by the Parties.

9. This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law.  The Parties agree any court of competent jurisdiction in the State of New York, including the United States District Court for the Eastern District of New York, will have jurisdiction over this Agreement and over the Individual Release.

10. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.  In addition, any ADOBE PDF scanned copies or facsimiled copies of the Agreement executed in any number of counterparts shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.

11. Plaintiff represents that she has been advised to consult legal counsel regarding this Agreement and, in fact, has consulted legal counsel of her own choosing. Plaintiff further represents that, after having had the opportunity to review and consider the provisions of this Agreement, and having discussed them with legal counsel and/or financial advisor(s) of her own choosing, she fully understands all of the provisions of this Agreement and has executed same freely and voluntarily.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**IN WITNESS WHEREOF**, Plaintiff and Defendants have duly executed this Settlement Agreement and General Release freely and voluntarily.

_____    10/14/22
LUBOV KONIK                         Date

_____    _____
ALEKSANDER KISELEV                  Date

_____    _____
HOME CARE OF NEW YORK INC.          Date

By:

Title:

choosing, she fully understands all of the provisions of this Agreement and has executed same freely and voluntarily.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**IN WITNESS WHEREOF**, Plaintiff and Defendants have duly executed this Settlement Agreement and General Release freely and voluntarily.

_____
LUBOV KONIK                               Date

_____
*/s/ A. Kiselev*
ALEKSANDER KISELEV                        Date

_____
*/s/ A. Kiselev*
HOME CARE OF NEW YORK INC.    Date 8/8/22

By: *Alek Kiselev*
Title: President

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LUBOV KONIK,  :  ECF
 :  21 Civ. 614 (KAM)
                Plaintiff,  :
 :
  -against-  :
 :
HOME FAMILY CARE INC.,  :
ALEKSANDER KISELEV and JOHN DOES #1-10,  :
 :
                Defendants.  :
------------------------------------------------------------------------X

## STIPULATION OF DISMISSAL

**IT IS HEREBY STIPULATED AND AGREED,** by and between the Parties in the above captioned action, through their undersigned counsel, and subject to approval by the Court, that, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the action is dismissed with prejudice and without costs or attorney's fees except as set forth in the Settlement Agreement. The Court hereby retains jurisdiction over this matter to enforce the Settlement Agreement between the Parties.

**IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

November ___, 2022

| | |
|---|---|
| LAW OFFICE OF WILLIAM COUDERT RAND | VLADIMIR TSIRKIN & ASSOCIATES, PA |
| By: _____<br>    William C. Rand, Esq. | By: _____<br>    Vladimir Tsirkin, Esq. |
| 501 Fifth Ave. 15th Floor<br>New York, New York 10017<br>(212) 286-1425<br>wcrand@wcrand.com<br>*Attorney for Plaintiff* | 800 S.E. 4th Ave., Suite 620<br>Hallandale, FL 33009<br>305-831-4333<br>vt@tsirkinlaw.com<br>*Attorneys for Defendants* |

**SO ORDERED:**

_____
U.S.M.J.