UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KONIK LUBOV,  
individually and as collective representative of  
other employees similarly situated,

                          Plaintiff,      ECF  
                                        21 Civ. 614

   -against-

HOME FAMILY CARE INC.,  
ALEKSANDER KISELEV and JOHN DOES #1-10,

                        Defendants.
------------------------------------------------------------------------X

**PARTIES' JOINT MOTION**  
**FOR APPROVAL OF SETTLEMENT**

# EXHIBIT C

# RAND LAW FIRM BIOGRAPHY

Dated: New York, New York  
         November 19, 2022

                                       LAW OFFICE OF WILLIAM COUDERT RAND  
                                       William Coudert Rand, Esq.  
                                       501 Fifth Avenue, 15th Floor  
                                       New York, New York 10017  
                                       Tel: (212) 286-1425  
                                       *Attorney for Plaintiff*

**LAW OFFICE OF WILLIAM COUDERT RAND**
**501 Fifth Ave., 15th Floor**
**New York, N.Y. 10017**
**(telephone) 212-286-1425; (fax) 646-688-3078**
**email: wcrand@wcrand.com**

# LAW FIRM BIOGRAPHY

William C. Rand founded the Law Office of William Coudert Rand on May 1, 2001. Mr. Rand is a practitioner who focuses on commercial, securities, and employment litigation as well as consumer and securities class actions.

**EDUCATION**

Mr. Rand graduated from Harvard College with honors in economics in 1987 and worked for the next two years as an analyst at Prudential Securities. He then went to Fordham Law School where he completed his J.D. degree in 1992. At Fordham, he competed in the Mulligan and Wormser moot court competitions and published a Note in the Fordham Urban Law Journal. The Note analyzed the effect of fraudulent conveyance law on leveraged buy-outs. During the summer of 1990, he worked as a clerk for the Honorable John F. Keenan, United States District Court Judge for the Southern District of New York.

**PROFESSIONAL BACKGROUND**

Mr. Rand commenced his legal career, working for three years in the litigation department of Brown & Wood. At Brown & Wood, he predominantly worked on cases involving securities class actions, RICO, and accountant liability. He helped Arthur Andersen successfully defend a RICO action brought by the British Government related to DeLorean's car manufacturing operations in Northern Ireland and effectively defended class actions against broker-dealers related to their practices regarding margin loans and free credit balances.

Mr. Rand next followed Brown & Wood's head of litigation, E. Michael Bradley, to Jones, Day, Reavis & Pogue, where he continued his securities practice. He defended Nextel Communications, Inc. from a class action alleging that it misrepresented the capabilities of its technology and defended Merrill Lynch and Paine Webber from a securities class action alleging accounting misrepresentations related to revenue recognition. Mr. Rand also defended products liability cases involving Tylenol and Camel cigarettes.

Mr. Rand joined Paul, Hastings, Janofsky & Walker LLP on December 15, 1997. At Paul Hastings he continued his commercial/securities practice. He defended a securities class action brought against American Bank Note Holographics, Inc. which alleged accounting fraud, defended Xpedite Systems, Inc. from an investor action alleging an improper transfer of securities, and defended a number of independent directors against suits alleging fraud and breach of fiduciary duty. At Paul Hastings, Mr. Rand also defended an SEC insider trading action, defended an NASD proceeding, defended Mike Tyson from a class action complaint

related to his ear biting incident, and defended and prosecuted numerous actions involving trade secrets and restrictive covenants.

Mr. Rand on May 1, 2001 left Paul Hastings to found the Law Office of William Coudert Rand, where he has litigated employment termination actions, FLSA overtime/minimum wage collective actions. Wage state law wage and consumer class actions, securities arbitrations, securities class and derivative actions, appraisal rights actions, negligence actions, and an assortment of other commercial litigation.

## EXPERIENCE

### Wage FLSA Collective Action Experience

Mr. Rand has prosecuted in excess of one hundred FLSA cases during the last 10 years and has settled a number of cases involving numerous plaintiffs.  See *Young v. Lasership*, Inc., 09 Civ. 10028 (SDNY) (RJH) (approving $235,000 settlement of FLSA action on behalf of 77 hand delivery couriers); *Bunion v. Lasership*, Inc., 11 Civ. 1881 (SDNY) (approving $181,000 settlement of FLSA action on behalf of 42 hand delivery couriers); *Morton v. Earlybird Delivery Systems, LLC*, 11 Civ. 8912 (S.D.N.Y.) (KBF) approving $100,000 settlement of FLSA action on behalf of 86 hand delivery couriers); *Johnson v. Sobtax NY, Inc*., 12 Civ. 0433 (S.D.N.Y.)(CM) (approving $266,250.50 settlement of FLSA action on behalf of 18 tax preparers); *Shelton v. A-1 International*, 11 Civ. 9426 (S.D.N.Y.)(PAE) (approving $149,333 settlement on behalf of 43 hand delivery couriers); *Swinton, et al. v. Maxx Mail USA, Corp*., Case No. 12 Civ. 5182 (Sept. 9, 2013 S.D.N.Y.) (JGK)(approving $125,000 settlement on behalf of 65 hand delivery couriers); *Thorman v. Royal Care Inc.,* 13 Civ. 5465 (E.D.N.Y.) (approving $668,661 settlement for 1,178 home health aides); *Dolinski v. Avant Business Service Corp.*, 13 Civ. 4753 (S.D.N.Y. March 4, 2015) (approving $184,527 settlement on behalf of 48 hand delivery couriers); *Mingo v. Allied Health Services, Inc.,* 14 Civ. 5674 (August 4, 2015)(CM) (approving $209,464.25 settlement on behalf of approximately 400 home health aides); *McDonald v. NYC Messenger, Inc.,* 15 Civ. 6795 (CM) (May 16, 2016 SDNY)(CM) (approving $75,000 settlement on behalf of 9 hand delivery couriers); *Anger v. Success Express, Inc.,* 15 Civ. 3252 (PKC) (March 2, 2017 SDNY) (approving $77,500 settlement on behalf of 27 hand delivery couriers); *Padilla v. Dutch Express, LLC*, 15 Civ. 6424 (GBD) (Jan. 4, 2017 SDNY); (approving $90,887 settlement on behalf of 109 hand delivery couriers); *Garcia v. Interline Employee Assistance Program Inc. et al.,* 15 Civ. 6731 (E.D.N.Y. Aug. 31, 2017) (approving $150,000 settlement on behalf of a collective of 10 house managers);  *Sun Hong Yim, et al. v. Carey Limousine NY, Inc., et al.,* No. 1:16-cv-05554 (S. D.N.Y.  Oct. 25, 2017) (approving settlements on behalf of 7 drivers); *Hypolite v. Health Care Servs. of New York, Inc*., 256 F. Supp. 3d 485, 492-93 (S.D.N.Y. 2017)(JGK) (Certifying collective class of health aides not paid overtime after January 1, 2015);  See *De Carrasco v. Life Care Servs., Inc.*, 2017 U.S. Dist. LEXIS 206682 (S.D.N.Y. Dec. 15, 2017)(certifying class and collective of health aides not paid overtime after January 1, 2015); *Shillingford v. Astra Home Care*, Inc., 16 Civ. 6785, 2018 U.S. Dist. LEXIS 29576  (S.D.N.Y. Feb. 23, 2018) (KPF) (certifying Collective of health aides who worked 24 hour shifts); *Heredia v. Americare*, 17 Civ. 6219 (S.D.N.Y. May 24, 2018) (WHP) (certifying collective action of health aides not paid overtime after January 1, 2015)

**Wage Class Action Experience**

Mr. Rand has also been appointed lead class counsel in a number of overtime cases which have settled on a class wide basis. *See Wishire v. Abbott House*, 05 Civ. 10596 (RPP) (Dec. 15, 2006 S.D.N.Y) (Court approved $339,220.42 class settlement on behalf of 164 child care workers); *Lumley v. Bank of America, N.A*., 08 Civ. 3993 (TPG) (September 16, 2009 S.D.N.Y.) (Court approved $651,392.79 class settlement on behalf of 21 tax preparation employees who were not paid overtime); *Campbell v. Uptown Communications & Electric, Inc.,* 11 Civ. 2758 (PKC) (April 23, 2012 S.D.N.Y.) (court approved $125,000 settlement for hundreds of cable installer employees); *Gani v. Guardian Service Industries, Inc.*, 10 Civ. 4433 (KBF) (July 27, 2012 S.D.N.Y.) (Court approved a $378,000 class settlement on behalf of more than 200 office cleaners); *Manswell v. Kentrel Corporation*, 11 Civ. 7108 (May 22, 2013 S.D.N.Y.)(JGK) (court approved $413,511 class settlement for 79 water meter installers who had not been paid overtime); *Douglas, et al. v. Constructamax Inc.,* 10 Civ. 5323 (July 25, 2013 E.D.N.Y.) ((ENV)(SMG) (court approved $1,022,065 class settlement for 178 water meter installers who had not been paid overtime). He has also been appointed as lead counsel in a wage class action on behalf of hundreds of servers whose tips were illegally withheld. *See Cheryl Krebs v. The Canyon Club, Inc.*, 22 Misc. 3d 1125A; 2009 N.Y. Misc. LEXIS 340 (N.Y. Sup. Westchester Co. Jan. 2, 2009). He has also settled a number of home health aide cases on a class basis. *Hypolite v. Health Care Servs. of New York, Inc.,*16-cv-04922 (S.D.N.Y. 2017)(JGK) (Approving settlement of $4 million for class of over 10,000 health aides); *Carrasco v. Life Care Services,* Inc., 17 Civ. 05617 (KBF) (S.D.N.Y. Dec. 14, 2018) (Approving settlement of $277,320 for class of 403 health aides); *Gennings v. Aquinas, LLC d/b/a "Senior Helpers," et al*., 17-cv-6032-GHW (S.D.N.Y. July 2, 2019) (Approving settlement of $277,320.68 for class of 403 health aides); *Darby v. Sterling Home Care, Inc*., 17 Civ. 5370 (S.D.N.Y. Jan. 2, 2020)(approving settlement of $330,873.41 on behalf of class of 187 health aides); *Herbert v. Go New York Tours Inc.*, 18 Civ 5653 (S.D.N.Y. June 25, 2020)(approving class settlement of $54,482 on behalf of 14 class members); *Guzman v. Americare, Inc.*, Index No. 24877-2018E (Sup. Ct. Bronx Co. April 13, 2021)(certifying class of health aides who were illegally not paid for 3 hours of alleged breaks and 8 hours of alleged sleep during 24-hour shifts); *Gaston v The Doral Investors Group, LLC d/b/a House Calls Home Care,* Index No. 501710-2018 (Sup. Ct. Kings County) (Preliminarily approving claims made class settlement for 239 health aides).

**Additional Class and Derivative Action Experience**

Mr. Rand has served as lead counsel in the securities fraud class action entitled *Calapasas Investment Partnership No. 1 Limited Partnership v. Captec Net Lease Realty, Inc. et al.,* Case No. 02-0071 (PJH) (United States District Court for the Northern District of California) and the securities derivative and class action *entitled Breakwater Partners L.P. v. Atalanta Sosnoff Corporation et. al., CA* No. 20068 (2004) (Delaware Chancery Court for New Castle County). Both actions were settled on favorable terms. Mr. Rand has also represented The Ravenswood Investment Company against Bishop Capital Corporation successfully alleging derivative securities law claims. *See The Ravenswood Investment Company v. Bishop Capital Corp.*, 374 F. Supp. 2d 1055 (D. Wyoming 2005). He has also recently served as lead class counsel in the case *Karpus Management Inc. v. Brantley Capital Corp. et al.,* Case No. 1:07-CV-01716 (N. D. Ohio 2007), which was a securities fraud class action which was settled for a $3.75

2

million.  *See Strougo v. Brantley Capital Corp*., 243 F.R.D. 100 (S.D.N.Y. 2007) (appointing the Rand firm as lead class counsel and also transferring case to the Northern District of Ohio).  He also recently served as class counsel representing defrauded purchasers of used cars in a consumer fraud class action, in which the judge approved a multi-million dollar settlement for a class of more than 40,000 consumers.  *See Jung v. The Major Automotive Companies, Inc.,* 25668/04 (N.Y. Sup. Ct. Bronx County) (Justice Alexander W. Hunter, Jr.).

Mr. Rand has extensive experience with the law governing class action settlements and has successfully challenged numerous class action settlements.  *See In re Donna Karan International Inc. Shareholders Litig.* C.A. No. 18559 (Bench Decision, September 10, 2002)(V.C. Strine) (Rand successfully represented objector to reduce fee award of settlement to only $200,000 despite defendants' agreement to pay fees of $925,000) (Robert I. Harwood of Wechsler Harwood, LLP argued for the class attorneys' fee request); *In re M&F Worldwide Shareholders Litigation*, C.A. NO. 18502 NC (Bench Decision, May 13, 2002) (V.C. Strine) (class action settlement rejected as inadequate given underlying merits of claims – motion to intervene granted); *Zucker v. Westinghouse Electric Corp.*, 265 F.3d 171 (3d Cir. 2001) ($580,000 fee award reversed); *Kaplan v. Rand*, 192 F.3d 60 (2d Cir. 1999) ($1 million fee award reversed); *Kurzweil v. Philip Morris Companies, Inc.,* 1999 U.S. Dist. LEXIS 18378 (S.D.N.Y. 1999) (fee award subsequently reduced by $250,000 as settlement of Rand's appeal); *Seinfeld v. Robinson*, 656 N.Y.S.2d 707 (Sup. Ct. N.Y. Co. 1997) (Crane, J.) (court denied $3.4 million dollar fee request in derivative action against directors of American Express), rev'd and remanded, 676 N.Y.S.2d 579, 246 A.D.2d 291 (1st Dep't 1998) (upon remand after 3 day trial court awarded $512,040)

**Additional Litigation Experience**

Mr. Rand has litigated a number of reported complex securities cases.  *See SEC v. Alexander*, 160 F. Supp. 2d 642 (S.D.N.Y. 2001) (denied motion to dismiss insider trading allegations) (J. Swain); *Saslaw v. Alaskari*, 1997 WL 221208 (S.D.N.Y. 1997) (J. Preska) (dismissing Section 14 securities claims); *Allard., Trustee of DeLorean Motor Company, v. Arthur Andersen & Co. (USA)*, 924 F. Supp. 488 (S.D.N.Y. 1996) (J. Mukasey) (summary judgment granted on RICO claims); In re F & M Distributors, Inc. Sec. Litig., 937 F. Supp. 647 (E.D. Mich. 1996) (motion to dismiss denied); *Lind v. Vanguard Offset Printers, Inc.*, 857 F. Supp. 1060 (S.D.N.Y. 1994) (J. Sweet) (denying summary judgment on securities fraud claims); *Bissel v. Merrill Lynch & Co., Inc.* 937 F. Supp. 237 (S.D.N.Y. 1996) (Dismissing claims to interest on margin loans based on federal preemption) (J. Schwartz).

**ARTICLES AND VOLUNTEER WORK**

Mr. Rand has published articles regarding the effect of the Securities Litigation Uniform Standards Act of 1998, the evolution of tracing under the 1933 and 1934 Acts, and the scope of the common interest privilege.  *See* "Securities Litigation Uniform Standards Act of 1998" Paul Hastings Financial Services Report, Spring 1999; "The Role of the Judge as Protector in Class Action Settlements" N.Y. Law Journal, September 24, 2002; "New York's Common Interest Privilege is Weakened by the Courts", N.Y. Law Journal, Feb. 22, 1999.  Mr. Rand has also demonstrated a commitment to pro-bono work.   During his career, Mr. Rand has defended

3

criminal appeals for the New York County District Attorney's Office as part of their Appellate Pro Bono Program. In December 1994, Mr. Rand was awarded a placard in recognition of his exceptional contributions to the Office's Appellate Pro Bono Program.

Mr. Rand served on the New York Bar Association's Council on Judicial Administration and on the Council's Task Force on Court Restructuring and currently serves on the Securities Litigation Committee of the New York State Bar Association. Mr. Rand is a member of the New York Bar and is admitted to the Southern and Eastern Districts of New York and the Second and Third Circuit Court of Appeals.

**VOLUNTEER MEDIATOR**
**FOR THE DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

Mr. Rand was appointed, on behalf of the United States District Court for the Southern District of New York, as a mediator for the Southern District's Mediation Program, on September 15, 2011. As a volunteer mediator, Mr. Rand aids in the resolution of cases outside the courtroom, for the benefit of the judiciary and the litigants.